IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD CASTER, )
)
        Plaintiff, ) No. 6:12-cv-2310-TC
)
        v. ) ORDER
)
Commissioner of Social Security, )
)
        Defendant. )

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff seeks a reversal and remand for further proceedings.

    Plaintiff was born in 1952. He graduated from high school and completed one year of college. He had worked as a herbicide applicator and concrete finisher, and was laid off from his job in 2004. His son supported him until 2007. Plaintiff received

1 - ORDER

medical care while incarcerated from 2007 until his release in September 2008.

The ALJ made the following findings. Plaintiff last met the insured status requirements of the Act through December 31, 2008. At step one, plaintiff had not engaged in substantial gainful activity since April 14, 2004, the alleged onset date. Through December 31, 2008, the date last insured, plaintiff had medically determinable impairments of hypertension, degenerative disc disease, dysphonia , dyspnea (shortness of breath) when talking, mood disorder not otherwise specified (NOS), anxiety, and alcohol dependence. Plaintiff was not entirely credible with regard to his pain and symptom testimony. At step two, plaintiff did not have any severe impairment or combination of impairments. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Act from April 14, 2004, through December 31, 2008.

Plaintiff contends he is disabled due to the medically determinable impairments found by the ALJ above and depression, hearing voices, carpal tunnel syndrome, and pain and symptoms arising from the foregoing.

Among other things, plaintiff contends that the ALJ should have applied SSR 83-20 which relates to determining the onset date of disability and the possible use of medical advisors. In support, plaintiff cites DeLorme v. Sullivan, 924 F.2d 841 (9th Cir. 1990). Plaintiff also contends that the ALJ did not consider all

2 - ORDER

the evidence.

>Defendant contends:
>
>>In summary, the Ninth Circuit has held that 'SSR 83-20 does not require a medical expert where the ALJ explicitly finds that the claimant has never been disabled.' Sam, 550 F.3d [808] at 809 [(9th Cir. 2008)]; cf. Armstrong v. Comm'r of the Soc. Sec. Admin., 160 F.3d 587 (1998) (ALJ's explicit finding of disability after the date last insured required a medical expert under SSR 83-20). Because the ALJ found Plaintiff was not disabled, he properly did not follow SSR 83-20.

P. 7 of Defendants's Sur-Response (#22).

The ALJ in the present case, however, did not explicitly find that the claimant was never disabled. Nor did he explicitly find the claimant disabled after the date last insured. The ALJ in the present case found claimant not disabled as of the date last insured.

More importantly, it is unclear whether the ALJ adequately considered all the evidence. The landscape appears to include ambiguous evidence with a record that is inadequate to allow for proper evaluation of the evidence. See p. 3 of Plaintiff's Sur-Reply (#23). As such, the record needs to be more fully developed and a remand to do so is appropriate in the circumstances of this case. See, Mayes v. Massinari, 276 F.3d 453, 459-460 (9th Cir. 1999).

Upon remand, the ALJ shall attempt to obtain any psychiatric records that may exist from the Portland area. The ALJ shall then

3 - ORDER

reevaluate all the evidence, including the evidence from Dr. Dempsey, and perform a new sequential evaluation and make explicit findings as to plaintiff's disability, or lack thereof, as of the date last insured and the date of the new opinion. If appropriate, the ALJ shall apply SSR 83-20.

## CONCLUSION

The decision of the Commissioner is reversed and this action is remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 26 day of September, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 - ORDER